UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ULTRA INCORPORATED**                                                                      **PLAINTIFF**

**v.**                      **CIVIL ACTION NO. 3:09CV-97-S**

**AMERICO FINANCIAL LIFE AND**
**ANNUITY INSURANCE COMPANY**                                **DEFENDANT**

### ORDER FOR SETTLEMENT CONFERENCE

This matter has been referred to the Magistrate Judge by Order of the District Court for the purpose of conducting a settlement conference.

**IT IS HEREBY ORDERED** that this action is scheduled for settlement negotiations commencing at **1:30 P.M., SEPTEMBER 10, 2009**, in Chambers, Room 208, Gene Snyder U.S. Courthouse, Sixth and Broadway, Louisville, Kentucky. Prior to the conference, counsel shall independently confer in an attempt to resolve the case. **Should the parties settle this matter prior to the settlement conference date, counsel shall immediately notify the magistrate judge's chambers at 502-625-3930.**

**COUNSEL ARE DIRECTED TO REVIEW THE ENTIRETY OF THIS SETTLEMENT CONFERENCE ORDER AND ADDENDUM IN DETAIL.**

On or before **SEPTEMBER 3, 2009**, the parties shall each file with the Clerk of Court (to be included as part of the record) and serve on opposing counsel a brief (two to five pages) statement of the remaining claims, defenses asserted, governing legal principles, and other issues designed to assist the Magistrate Judge in understanding what issues remain in the case. Such submission should address not only the issue of liability, but should contain a specific, detailed discussion of damages.

At the conference, counsel who will actually try the case and each party, armed with full settlement discretion, shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. This means that each party must attend through a person who has the power to change the party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority which would require telephone consultation with corporate offices, this requirement is not satisfied. **COMPLIANCE WITH THIS PROVISION IS CRITICAL.**

The attached addendum is incorporated into and made a part of this order. **DO NOT FAIL TO REVIEW THIS ADDENDUM**. Failure to comply with any provision of this order, including the addendum, may lead to the award of sanctions, including but not limited to an award of costs, attorneys' fees and travel expenses.

Should this date present a clear scheduling conflict for counsel, please advise the Court at least five (5) business days before the conference through a telephone call to Mrs. Kathy Pritchard, 625-3930, who is empowered to reschedule should a conflict present itself.

DATE: July 22, 2009

      **ENTERED BY ORDER OF THE COURT:**
         **JAMES D. MOYER**
      **UNITED STATES MAGISTRATE JUDGE**
      **JEFFREY A. APPERSON, CLERK**
      **UNITED STATES DISTRICT COURT**
      **BY:**     /s/ Nadine C. Smith

          **DEPUTY CLERK**

Copies to:
Counsel of Record

**ADDENDUM TO SETTLEMENT CONFERENCE ORDER**

1. <u>Who must come</u>?  The most frequent problem in a settlement conference is the failure of a party to attend through a principal.  To be perfectly plain: <u>do not fail to bring a fully authorized client representative to the settlement conference</u>.  No lawyer, no matter how knowledgeable about the case and skillful in negotiation, is a substitute for a live client.  Having the client available by telephone is <u>not</u> <u>acceptable</u>.  The client must be personally present in the settlement conference.

The next most frequently asked question is when a representative is fully authorized.  Please refer to the text of the settlement conference order, which is quite explicit.  Principals with caps on their authority who must "call the home office" to authorize acceptance of an offer are not acceptable.  The point of the settlement conference is to have the final decision-making representatives personally participate in the settlement conference and hear the presentations of the opposite side.  Having an inadequately authorized principal defeats one of the essential purposes of the settlement conference.

2. <u>Schedule Questions</u>.  Most settlement conferences which this Magistrate Judge schedules are set for 1:30 p.m.  It is the practice of the Court not to schedule any other civil matters in the afternoon of a the settlement conference, and counsel are instructed to clear their calendars for the remainder of the day.  It is possible that the Magistrate Judge may be interrupted with a short criminal hearing, but the settlement conference will continue throughout the day until concluded.  If counsel believes that the settlement conference may require more than half a day, and in cases where client representatives are traveling significant distances to Louisville on cases of some complexity, counsel are requested to discuss with the Magistrate

3

Judge's secretary the possibility of scheduling the settlement conference in the morning so that the entire day may be set aside.

        3.  <u>Damage Calculations</u>.  It is the Magistrate Judge's experience that parties appear frequently at settlement conferences fully prepared to argue liability with passion but without any detailed analysis of damages.  This is not productive to the settlement conference process.  Accordingly, all parties are directed to be prepared to present in detail, and with reference to supporting documents if so ordered, a thorough analysis of the potential categories and amounts of damages which might reasonably be awarded at trial if plaintiff prevails in whole or in part.  This provision applies to defendants with equal force.

        If you believe your case presents an exceptional circumstance which would justify a variance from these rules, you must contact the Magistrate Judge's office well in advance and get a waiver.  Waivers are granted only by the Magistrate Judge and only on a showing of specific facts constituting exceptional circumstances.